```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

TRACY MEYER,                      *

    Plaintiff,                    *

vs.                               *
                                        CASE NO. 4:12-CV-215 (CDL)
SNYDERS LANCE, INC.,              *

    Defendant.                    *

O R D E R

Defendant's Motion to Dismiss (ECF No. 4) is another example of what *Twombly* and *Iqbal* have wrought—a compulsion to file a motion to dismiss in every case. The Supreme Court's statement in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which was reaffirmed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), did not seem startling: to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. The additional explanation that the complaint must include sufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, likewise did not suggest that the Supreme Court intended to rewrite Rule 12(b)(6) or abandon notice pleading; and the Court's observation that "a formulaic recitation of the elements of a cause of

action" does not suffice, *id.,* did not seem to foreshadow a sea-change in the legal standard governing motions to dismiss. But many lawyers (and judges) have interpreted the Supreme Court's decisions in *Twombly* and *Iqbal* as ushering in a new era for motions practice in federal court. From this Court's perspective and experience, *Twombly* has become the most over-used tool in the litigator's tool box.

Since *Twombly* was decided, many lawyers have felt compelled to file a motion to dismiss in nearly every case, hoping to convince the Court that it now has the authority to divine what the plaintiff may plausibly be able to prove rather than accepting at the motion to dismiss stage that the plaintiff will be able to prove his allegations. These motions, which bear a close resemblance to summary judgment motions, view every factual allegation as a mere legal conclusion and disparagingly label all attempts to set out the elements of a cause of action as "bare recitals." They almost always, either expressly or, more often, implicitly, attempt to burden the plaintiff with establishing a reasonable likelihood of success on the merits under the guise of the "plausibly stating a claim" requirement. While these cautious lawyers, who have been encouraged by *Twombly* and *Iqbal*, have parsed the *Twombly* decision to extract every helpful syllable, they often ignore a less well known (or at least less frequently cited) admonition from *Twombly*: "Rule

12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556). Blinded by the *Twombly/Iqbal* compulsion, many lawyers fail to appreciate the distinction between determining whether a claim for relief is "plausibly stated," the inquiry required by *Twombly/Iqbal,* and divining whether actual proof of that claim is "improbable," a feat impossible for a mere mortal, even a federal judge.

This Court obviously understands that not all motions to dismiss suffer from this *Twombly/Iqbal* compulsion, but many do, and the present one certainly does.  Accordingly, it is denied.

IT IS SO ORDERED, this 12th day of December, 2012.

                                        S/Clay D. Land
                                            CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE